IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALVIN RUSSELL MCHELLON,

    Petitioner,

v.                                            CASE NO. 1:13-cv-64-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 Alachua County convictions for four offenses (possession of cocaine with intent to sell, possession of cannabis with intent to sell, possession of paraphernalia for storage and resisting arrest without violence). Doc. 1.  Respondent filed a motion to dismiss the Petition as time-barred, Doc. 11, and Petitioner filed a response. Doc. 16.  For the following reasons, Respondent's motion to dismiss should be granted and the Petition dismissed.

### One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and

may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

The state-court procedural history of Petitioner's case is summarized in the Respondent's motion, as supported by attached state-court records.

On March 23, 2006, following a jury trial, Petitioner was found guilty of possession of cocaine with intent to sell, possession of cannabis with intent to sell, possession of paraphernalia for storage and resisting arrest without violence and was found not guilty of trespass on land after warning. Ex. A. pp. 66-67.[1] Petitioner was sentenced to 9-years imprisonment on count one, 5-years imprisonment on count two, 364 days imprisonment on counts three and four, each to run concurrent to count one with 112 days credit for time served. Ex. A,. p. 68-76.

Petitioner filed a direct appeal to the First District Court of Appeal. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), on the basis that there were no nonfrivolous grounds for appeal. The First DCA affirmed without a written opinion on January 18, 2007, Ex. C, and the mandate issued on February 13, 2007. Ex. D. *McHellon v. State*, 947 So.3d 1166 (Fla.1st DCA 2007).

On July 8, 2009, Petitioner moved under Fla. R. Crim. P. 3.850 for post-conviction relief. Ex. E. That motion was denied by the trial court on July 21, 2009 as untimely. Ex. F. On November 25, 2009, Petitioner filed a petition for writ of habeas corpus seeking a belated appeal of the trial court's order. Ex. G. The First DCA directed

---

[1] All exhibits are attached to Doc. 11.

Petitioner to file a supplemental appendix, which contains the copy of the order that was the subject of Petitioner's request to file a belated appeal. Ex. H.  On January 15, 2010, the First DCA dismissed the case because Petitioner failed to respond to the court's order. Ex. I.

Petitioner filed a second motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure on June 25, 2012. Ex. J, pp. 1-15. On July 5, 2012 the trial court denied the motion. Ex. J, pp. 16-18. The First DCA on November 7, 2012 *per curiam* affirmed without opinion. Ex. K. The mandate from the First DCA issued on April 20, 2010. Ex. L.

Petitioner filed the instant habeas petition on March 25, 2013.

Petitioner's conviction became final on or about April 18, 2007, following the affirmance of his conviction and after the 90-day period for filing a petition for a writ of certiorari in the U.S. Supreme Court elapsed.  Thus, Petitioner had one year after April 18, 2007, until on or about April 18, 2008, to file a federal habeas petition.  Petitioner filed nothing further in the state court until July 8, 2009 (a Rule 3.850 motion) ( Ex. E), but at that point the federal limitations period had expired and none of Petitioner's subsequent filings served to toll the limitations period.  *See Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000)(even "properly filed" state-court petitions must be "pending" in order to toll the limitations period); *Sibley v Culliver*, 377 F. 3d 1196, 1204 (11th Cir. 2004).

In his Reply, Doc. 16, although Petitioner never contends that he is entitled to equitable tolling, Petitioner states conclusionally that "[i]n their prison settings Petitioner

McHellon was hindered from access to legal material and legal law assistance" and therefore "[d]ue to confinement in lockup several times ... Petitioner was hindered from filing timely as it was required ... " Doc. 16, p. 3. Petitioner's conclusional statement is insufficient to demonstrate that the statute of limitations should be equitably tolled because Petitioner makes no mention of the dates, time frames or specific motions he was unable to file nor does he allege any facts demonstrating that he was diligent in pursuing his rights. Indeed, more than an entire year passed after his conviction became final before he filed any motion for post conviction relief with the trial court.

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Although Petitioner conclusionally alleges he was hindered at some unspecified point in time from filing unspecified motions he has wholly failed to demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance

prevented timely filing of his federal habeas petition. Petitioner has not alleged any specifics regarding the circumstances which hindered Petitioner from filing, the institution where he was hindered from filing, the time frame when this occurred or most importantly the motion or motions that he was hindered from filing. Nor has Petitioner offered any details as to his diligence, if any, in attempting to file (the unspecified motions) on time. More is required to demonstrate entitlement to the extraordinary remedy of equitable tolling. The mere fact that Petitioner was in custody of the DOC and was "[i]n lockup several times .... " does not raise sufficient facts to demonstrate a right to equitable tolling. Indeed, if a prisoner was entitled to equitable tolling simply because he was in "lockup" in a state institution every DOC inmate would be entitled to equitable tolling, thus destroying completely the concept of finality in post conviction proceedings, which is one of the fundamental purposes of the AEDPA.

Accordingly, because Petitioner has offered nothing more than "conclusory allegations unsupported by specifics .. ," Petitioner has failed to demonstrate that he is entitled to equitable tolling and has failed to show that an evidentiary hearing is necessary. *Pugh v Smith*, 465 F. 3d 1295, 1300 (11th Cir. 2006)("[a] petitioner is *not* entitled to an evidentiary hearing ... when his claims are merely conclusory allegations unsupported by specifics." *citation omitted*).

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

Respondent's Motion to Dismiss, Doc. 11, should be **GRANTED**; the petition should be dismissed with prejudice; and a certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 9th day of June 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**